UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:04CR-83-R

UNITED STATES OF AMERICA

v.

REGINALD CHANTEZ RICE, et al.

## OPINION AND ORDER

This matter is before the Court on a Motion to Supplement the Record (Dkt. # 290) filed by the United States. An objection was filed by Defendants Reginald Rice, Derrick Smith, Marshall Evans, Terrell Gray, Yolanda Walker, Terry Middleton, Demetrius Crenshaw and James Crenshaw (Dkt. # 294).

## DISCUSSION

This motion to supplement arises from a suppression motion dealing with two wiretap orders obtained by the United States in its investigation of the alleged conspiracy that forms the basis of Count One of the indictment in this case. A wiretap order for a cell phone owned and/or used by two individuals not named in the present indictment was issued on May 26, 2004 (the "May Wiretap Order"). A wiretap order for a cell phone allegedly owned by Defendant Rice was issued on June 23, 2004 (the "June Wiretap Order"). Defendants seek to suppress the evidence obtained as a result of those wiretapped conversations; specifically, the United States alleges that each of the Moving Defendants was overheard and recorded during the taping pursuant to the June Wiretap Order, connecting them to the conspiracy. Defendants argue that suppression of that information is warranted because (i) the United States failed to meet the requirement of attempting to employ normal investigative techniques; (ii) the affidavit

supporting the June Wiretap Order does not demonstrate sufficient probable cause; (iii) the extension of the June Wiretap Order was invalid because the June Wiretap Order was improvidently granted or because its supporting affidavit is insufficient; (iv) the United States failed to minimize the interception as required by statute; and (v) the recorded conversations were not sealed within the required time period.

It is the fifth of these grounds, the sealing of the recorded conversations, which relates to the motion in question. The requirements for sealing the recorded evidence are found in 18 U.S.C. § 2518(8), which provides that "[i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." Recording and monitoring of the phones in question ceased in the early morning of Saturday, August 7; on Monday, August 9, the United States contacted Judge Heyburn, the issuing judge, who scheduled the presentment and sealing of the optical discs for Tuesday, August 10. The United States defends the adequacy of its sealing procedures in this case on two alternative grounds: one, that the sealing was "immediate" as that term has been defined by relevant case law; and two, that if it was not immediate, the United States has a "satisfactory explanation" for the delay which allows it to avoid suppression, as contemplated in *United States v. Ojeda Rios*, 495 U.S. 257, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990).

It is to this "satisfactory explanation" that the present motion relates. As part of the government's "satisfactory explanation" it attached to its motion and moved to supplement the record with an affidavit from Assistant United States Attorney Philip Chance, who was the supervising attorney for the wiretap and who is the lead prosecuting attorney in this case. Mr. Chance's affidavit sets forth his version of the events that led to the ultimate sealing of the

optical disc and his beliefs about the legal requirements therefor.  These statements could be relevant to the "satisfactory explanation" since, as the court in *Ojeda Rios* held, an "objectively reasonable," if incorrect, misunderstanding of the law can be part of a "satisfactory explanation" for the delay.  *Id.*  The defendants object that (1) the affidavit was filed without notice; (2) it is in contravention of a stipulation entered into by the parties at the June 20, 2005 suppression hearing; and (3) the affidavit is in violation of the Defendants' Sixth Amendment confrontation clause rights because it denies them the right to cross-examine Mr. Chance.  If the sealing was "immediate" under the statute, Mr. Chance's affidavit is unnecessary, because the United States will not be required to provide an explanation for a delay (since there was none).  Therefore, although the Court will not address the rest of the arguments put forth in the Motion to Suppress, it is appropriate to address this portion of the argument here, before reaching the issue of whether Mr. Chance's affidavit may be allowed to supplement the record.

In the Sixth Circuit, "immediately" means "within one or two days."  *United States v. Wilkinson*, 53 F.3d 757 (6th Cir. 1995).  The Ninth Circuit case (*United States v. Pedroni*, 958 F.2d 262, (9th Cir. 1992)) which the Sixth Circuit quotes for this definition in turn cites a Second Circuit case which says that "sealing is often possible within one or two days" and "any delay beyond that certainly calls for explanation."  *United States v. Vazquez*, 605 F.2d 1269, 1278 (2d Cir. 1979).  In this case, the wiretap order terminated on August 7, a Saturday, and the optical disc was presented to Judge Heyburn on Tuesday, August 10.  Calculation of the period that elapsed between the termination of the order and the presentment of the disc depends in part upon whether the "one or two day" general rule means "one or two business days" or includes weekend days.  The issue is not addressed in *Wilkinson*, *Pedroni* or *Vazquez*.  The Second Circuit, however, does take into account (by excluding them) weekend days when calculating the

length of a delay. *Vazquez*, supra; *United States v. McGrath*, 622 F.2d 36, 42 (2d Cir. 1980). The Second Circuit has authorized the use of wiretap evidence where: "[t]he authorizing order expired on March 6, 1982 - a Saturday - rendering any action by the government on the next day impossible. The government then required 3 days - March 8, 9, and 10 - for administrative processing, and the tapes were sealed on March 11, 1982." *United States v. Gallo*, 863 F.2d 185, 193 (2d Cir. 1988).[1] On this basis, in combination with a lack of bad faith or prejudice to the defendants, the Second Circuit upheld the district court's denial of the motion to suppress because it believed the government's explanation for the delay was satisfactory. The Court agrees with the Second Circuit that weekend days should not be counted when calculating the time elapsed between the termination of a wiretap authorization and its sealing.

In this case, then, the sealing took place on the second business day after the expiration of the order and was therefore "immediate" within the meaning of the statute. Because it was immediate, there was no delay and no government explanation is required. Therefore, Mr. Chance's affidavit is also unnecessary and the motion to amend the record is **DENIED.**

**IT IS SO ORDERED**.

---

[1] In *United States v. Massino*, 784 F.2d 153, 158 (2d Cir. 1986), the Second Circuit Court of Appeals set forth a specific procedure for sealing. The general rule was that the government must seal within two days; if the sealing was to take place between two and five days after the expiration of the order, the government would file its explanation *in camera* with the court for later use if a defendant challenged the delay. If the delay was to be longer than five days, the government would be required to seek leave of the court for an extension. This rule was designed to increase judicial oversight of a delay in sealing, and it was in the context of this scheme that the *Gallo* court evaluated the government's explanation. The Sixth Circuit has not adopted this procedure, so the Second Circuit's procedural analyses cannot be directly applied here; however, the general principles can provide guidance, as they did for the Ninth Circuit in *Pedroni* and the Sixth Circuit in *Wilkinson*.