UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:04CR-83-R

UNITED STATES OF AMERICA

v.

REGINALD CHANTEZ RICE, et al.

**MEMORANDUM OPINION**

This matter is before the Court on a Motion for Reconsideration (Dkt. # 307) of the Court's Memorandum Opinion and Order of October 13, 2005, filed by the United States. The twelve defendants (Defendants Rice, J. Jimenez-Huerta, G. Jimenez-Huerta, Evans, Smith, D. Crenshaw, J. Crenshaw, Middleton, Walker, Sheppard, Moore, and Gray) filed a Joint Response to the motion (Dkt. # 316), to which the United States replied (Dkt. # 330). This matter is now ripe for decision.

**BACKGROUND**

In the Memorandum Opinion and Order of October 13, 3005, the Court granted a Motion to Suppress wiretap evidence gained as a result of an Order issued in June, 2004 on the grounds that the United States had failed to meet the necessity requirements of 18 U.S.C. § 2518(1)(c). Given the detail required for a useful summary of the facts surrounding the application for and grant of the order, the Court will simply make reference to the information contained in the October 13 Memorandum Opinion. The United States challenges the Court's findings on the necessity issue in its Motion to Reconsider on three grounds. The first is that "the June wiretap on Rice's phone was the culmination of extensive investigation of a network of drug dealers, of

which Rice was a part, who conducted their business over cell phones." (Motion for Reconsideration, Dkt. # 307, at 1). The second is that "Agent Wenther's June Affidavit satisfied the legal requirements for the issuance of a wiretap because it adequately demonstrated to the issuing judge that the wiretap was necessary." *Id.* The third, alternative argument is that "even if the affidavit in support of the wiretap was technically deficient regarding necessity, suppression of the evidence is not warranted because the agents relied in good faith upon the issuing judge's determination that the wiretap was proper." *Id.* at 2.

## DISCUSSION

**Previous investigations**

The United States asserts that the facts "establish [that] there was a single investigation into a large-scale drug-distribution organization, and that both Bullitt and Rice were targets, along with others." (Motion for Reconsideration, Dkt. # 307, at 3). While this statement may reflect the structure of the investigation from the perspective of the agents involved, for purposes of 18 U.S.C. §2518, the term "investigation" must be defined somewhat differently. The protections of the statute are directed at individuals, not groups; therefore, the Court must examine the investigations *of those individuals*. The only evidence connecting Mr. Rice to the drug transactions being investigated prior to the wiretapped phone call between Mr. Bullitt and Mr. Rice were the following: (1) information that Mr. Rice exchanged a number of phone calls with Mr. Bullitt; and (2) rumor passed along from a CS that Mr. Rice and Mr. Bullitt were "associated with each other" and "involved in the trafficking of multi-kilogram quantities of cocaine." (*Id.* at 4). There is no indication from this evidence that Mr. Rice was a "target" of the investigation in any way other than name. Indeed, the United States has relied in other parts of

its arguments heavily on the fact that it did not even know Mr. Rice's address at the time it applied for the wiretap order.

The United States further asserts that, in the Court's October 13 Memorandum Opinion, it "missed a point central to [*United States v. Landmesser*]: … *Landmesser* noted that courts have not treated the 'necessity' showing … as a high bar for the agents to clear." (*Id.* at 8). The Court understands that *Landmesser* did not require a strong showing of necessity; however, the Court disagrees with the United States' assessment that its finding that Agent Wenther's affidavit is insufficient constitutes a high bar.

The United States also suggests that the Court has clearly erred in not granting the appropriate deference to the issuing judge's determination that the statutory requirements for necessity were satisfied. Although under normal circumstances the reviewing court should not substitute its judgment for that of the issuing judge, it would be contrary to the purposes of the statute to apply this standard of deference where the affidavit in question misleads the issuing judge regarding the facts that purport to establish necessity itself.

As to the issue of the misleading nature of Agent Wenther's statement in the affidavit (which would lead a reasonable judge to believe that physical surveillance of Mr. Rice had been conducted, when in fact it had not), the United States asserts that such a statement must be analyzed under the standard set forth in *Franks v. Delaware*. 438 U.S. 154 (1978). Even if the *Franks* analysis, used to evaluate misleading statements in the probable cause context, applied, the evidence would still be suppressed. The Court assumes that Agent Wenther did not deliberately attempt to mislead the issuing judge; however, in light of the importance of the statement in question his mistake was reckless. The assertion about physical surveillance is

particularly important because, other than the pen register, it is the only "other investigative technique" that the Wenther Affidavit asserts was used. Without this statement, the affidavit indicates that no other investigative techniques were used and that no others were seriously considered; this does not meet the necessity requirement of § 2518. While there were assertions in the Wenther Affidavit that the other investigative techniques were considered but not used, those assertions were uncorroborated. A lengthy hearing was held in this matter. There was insufficient credible evidence to support or even confirm those assertions. This was a difficult assessment for the Court. However, after the hearing, the Court was in the best position to determine these credibility issues concerning unused investigative techniques.

### *Leon* **good faith exception**

The United States argues that *Leon*'s good-faith exception should apply to save the evidence in question from suppression. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). As an initial matter, the Court notes that the United States failed to raise the *Leon* argument in any of the extensive briefing and argument previously devoted to the consideration of the Defendants' Motion to Suppress. However, the Sixth Circuit has apparently not adopted the same rules for arguments allowable on motions seeking reconsideration in criminal cases as it has for motions brought under Rule 59(e) of the Federal Rules of Civil Procedure in civil cases (see, e.g., *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Therefore, the Court will address the *Leon* arguments as well as those which are the same arguments made by the United States in its earlier briefs and argument.

No binding precedent has applied the good-faith exception in the wiretap context, and there is conflicting precedent among other circuits which have addressed the issue. Compare

*United States v. Moore*, 41 F.3d 370 (8th Cir. 1994) with *United States v. Spadacinno* 800 F.2d 292 (2nd Cir. 1986).  However, as the United States notes, at least one panel of the Sixth Circuit (albeit in dicta contained in a footnote to an unpublished opinion) seems to believe *Leon* could be applicable.  *United States v. Holloway*, 166 F.3d 1215, 1998 WL 833767 (6th Cir. 1998). Therefore, out of an abundance of caution, the Court will apply *Leon*.

The United States summarizes the test in *Leon* as follows: "courts should not suppress evidence obtained from the execution, in this context, of a judge-issued wiretap order unless, as relevant to this case, (1) the order is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information or (2) the order is issued 'based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."'" (Motion for Reconsideration, Dkt. # 307, at 18).  It is the first of these that describes the situation before the Court in this case.  The *Leon* court explicitly says that "[s]uppression ... remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."  468 U.S. 897, 923 (citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)).  As discussed above, the Wenther Affidavit should be suppressed under the doctrine of *Franks*, which, in this regard, it appears that *Leon* does not alter.  Therefore, the good faith exception does not apply to save the evidence from suppression.

## CONCLUSION

For the reasons outlined above, the government's motion for reconsideration will be **DENIED**.  An appropriate order shall issue.